IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANE SEABORN, Administrator of the Estate of GUSTAVO PEREZ LOPEZ, deceased, | ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) CASE NO.: 2:08cv305-MEF ) |
| MICHELIN NORTH AMERICA, INC; *et al.*, | ) ) (WO) ) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

Now pending before this Court is the Motion to Remand (Doc. # 12) filed on May 1, 2008 by Plaintiff and Plaintiff's Notice of Withdrawing His Motion to Remand (Doc. # 30) filed on February 9, 2009, which this Court construes as a motion for leave to withdraw the motion to remand. It is hereby ORDERED that the motion to withdraw (Doc. # 30) is GRANTED and the Clerk of the Court is DIRECTED to terminate the Motion to Remand (Doc. # 12).

Arguing that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), Defendants Michelin North America, Inc. ("MNA") and Michelin Americas Research & Development Corporation ("MARC") removed this action from the Clayton Division of the Circuit Court of Barbour County, Alabama pursuant to 28 U.S.C. § 1441(a) on April 21, 2008. A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A federal court is authorized to entertain

only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). At any time, the Court may review *sua sponte* whether it possesses subject matter jurisdiction over an action before it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-11 (11th Cir.1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (same); *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). For this reason, the lack of a pending motion to remand does not prevent the Court from remanding this case if the Court finds subject matter jurisdiction to be lacking.

The parties should be mindful that a plaintiff may not create subject matter jurisdiction where it does not exist by consent or concession. Thus, Plaintiff's statement in his February 9, 2009 filing (Doc. # 30) is insufficient as a matter of law to create subject matter jurisdiction. Consistent with other recent decisions and *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008), this Court intended to remand this case in the near future because it is not satisfied on the record before it that it has subject matter jurisdiction over this action. Indeed, the Court will remand this case to the

Circuit Court for Barbour County, Alabama if Plaintiff does not file a stipulation on or before February 13, 2009, indicating that he is now seeking and was seeking at the time the lawsuit was filed and removed damages in excess of $75,000.00, exclusive of costs and fees.

DONE this the 10th day of February, 2009.

                                                       /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE