IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANE SEABORN, Administrator of the | ) | |
| Estate of GUSTAVO PEREZ LOPEZ, | ) | |
| deceased, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08cv305-MEF |
| | ) | |
| MICHELIN NORTH AMERICA, INC; | ) | |
| *et al.*, | ) | (WO) |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This Court is obligated to consider, *sua sponte*, whether subject matter jurisdiction is present.  It must remand the case to state court if it determines that subject matter jurisdiction is absent.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3); *see also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (stating that "the district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction").

Arguing that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), Defendants Michelin North America, Inc. ("MNA") and Michelin Americas Research & Development Corporation ("MARC") removed this action from the Clayton Division of the Circuit Court of Barbour County, Alabama pursuant to 28 U.S.C. § 1441(a) on April 21, 2008.  After careful consideration of the applicable law, the Court finds

that this case must be remanded.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2007, Shane Seaborn ("Seaborn") filed suit as Administrator of the Estate of Gustavo Perez Lopez ("Lopez") against MNA, MARC, Middle Tennessee Imports, Inc., and several fictitious defendants in the Clayton Division of the Circuit Court for Barbour County, Alabama.  On April 21, 2008, MNA and MARC removed the action to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  On May 1, 2008, Seaborn filed the Motion to Remand (Doc. # 12), which he later withdrew.[1]  Nevertheless, the issue before this Court is whether this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). More specifically, because there appears to be no dispute as to the diversity of the citizenship of the parties,[2] the key issue before this Court is whether MNA and MARC have adequately demonstrated that the amount in controversy requirement for 28 U.S.C. § 1332(a) is satisfied.

---

[1]  When the Court granted Seaborn's motion to withdraw the motion to remand on February 10, 2009, it advised the parties of its concerns regarding the existence of subject matter jurisdiction.  Furthermore, advised the parties that Seaborn's concession "to the jurisdiction of this Court" was legally insufficient to create subject matter jurisdiction over the action.  The Court directed counsel for Seaborn to file a stipulation on or before February 13, 2009, indicating that he is now seeking and was seeking at the time the lawsuit was filed and removed damages in excess of $75,000.  The Court informed the parties of its intention to remand the case if a proper stipulation was not filed.  Seaborn has not filed such a stipulation.

[2]  MNA is a corporate citizen of New York and South Carolina.  MARC is a corporate citizen of Delaware and South Carolina.  Lopez is deemed a resident of Mexico.  Middle Tennessee Imports, Inc. was no longer a party at the time of removal, but in any event it was a corporate citizen of Tennessee.  The citizenship of the fictitious parties is to be disregarded.

2

This case arising out of a motor vehicle accident in Autauga County, Alabama on September 27, 2006, which claimed the life of Lopez. At the time of the roll-over accident, Lopez was a passenger in a vehicle on which a tire manufactured and designed by MNA and MARC separated. Although the accident is alleged to have occurred in Autauga County, Alabama, Seaborn filed suit in the Clayton Division of the Circuit Court of Barbour County, Alabama. In Count One, Seaborn brings claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and the Alabama Wrongful Death Act. In Count Two, Seaborn brings claims for negligence and wantonness. Seaborn demands an unspecified amount of damages under the Alabama Wrongful Death Act.

In their removal papers, MNA and MARC argue that this Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). In so arguing, they contend that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement, which is currently $75,000. They argue that a claim for wrongful death renders the amount in controversy facially apparent regardless of the inclusion of a specified amount in the Complaint. The Court agrees that there is some commonsense appeal to this contention, however, this Court must follow the law as it is handed down by the Eleventh Circuit Court of Appeals and the United States Supreme Court. As evidence that the claim in this case necessarily exceeded $75,000, MNA and MARC assert that other Alabama wrongful death cases with AEMLD claims have resulted in verdicts far in excess of $75,000.

3

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008) ("the party seeking a federal venue must establish the venue's jurisdictional requirements" and therefore removing defendants bear that burden in the context of a motion to remand). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction,

4

uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Recently the Eleventh Circuit Court of Appeals provided significant clarification of "existing principles of law governing removal generally - who bears the burden of establishing that removal is proper, how that party can satisfy its burden, and how a district court must proceed in evaluating its jurisdiction after removal." *Lowery*, 483 F.3d at 1187. Although *Lowery* arose in the context of a removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), it is quite plain from the text of *Lowery* that the holdings of the case are not limited solely to cases removed under CAFA. In *Lowery*, the Eleventh Circuit Court of Appeals reiterated that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208-09, 1210. The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Indeed, "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff - be it the initial complaint or a later received paper- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." *Id.* at 1215. Importantly, the

*Lowery* court stated that it is

> highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice- without seriously testing the limits of compliance with Rule 11.  Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of plaintiff's claims.

*Id.* at 1215.  "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff."  *Id.* at1215.  Indeed, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases.  *Id.* at 1189, 1220-21.[3]

For obvious reasons, *Lowery* was a cornerstone for Plaintiff's arguments in support of the now-withdrawn motion to remand.  MNA and MARC attempt to distinguish *Lowery*, but the Court finds those arguments to be unpersuasive.  Indeed, in this Court's view, *Lowery* and its progeny dictate remand of this action.  *See, e.g., Lowery*, 483 F.3d 1184; *Thibodeaux v. Paccar, Inc.*, ___ F. Supp. 2d ___, 2009 WL 27225 (M.D. Ala. Jan. 6, 2009) (Fuller, C.J.) (following *Lowery* and remanding wrongful death case); *Yates v. Medtronic, Inc.*, 08-0337-

---

[3] *Lowery* was not the first time the Eleventh Circuit Court of Appeals had stated that reliance on damages awards in other cases was insufficient.  *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC.*, 329 F.3d 805, 809 (11th Cir. 2003) ("mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the removing defendant's] assertion [that subject matter jurisdiction existed under § 1332] in this case.").

KD-C, 2008 WL 4016599 at *10-*12 (S.D. Ala. Aug. 26, 2008) (same).  As this Court has previously noted, the "measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct."  *Thibodeaux*, 2009 WL 27225 at *3.  Here, the removing defendants' argument, at its heart, is a plea based on notion that the amount in controversy here is necessarily high because the case involves the loss of human life.  This view is contrary to Alabama law.  The real issue here is the wrongfulness of the defendant's conduct.  That is the true measure of damages in this case and that is also something about which there is currently no evidence before this Court.  The plea of the removing defendants for this Court to conclude that the amount in controversy exceeds $75,000 is merely a request that this Court speculate about the probable amount of a verdict in this case.  That is precisely what *Lowery* prohibits.  Thus, because this Court finds that MNA and MARC have failed to carry their burden of establishing the jurisdictional amount by a preponderance of the evidence, this case must be remanded.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.      This case is REMANDED to the Clayton Division of the Circuit Court of Barbour County, Alabama.

2.      The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 20th day of February, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE